IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PROVIDENCE BEHAVIORAL HEALTH, and TEXAS PROVIDENCE INVESTMENTS,<br><br>        Plaintiffs,<br><br>v.<br><br>GRANT ROAD PUBLIC UTILITY DISTRICT, and BOARD OF DIRECTORS OF THE GRANT ROAD PUBLIC UTILITY DISTRICT,<br><br>        Defendants. | §§§§§§§§§§§§§§§§  CASE NO. 4:15-cv-744 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.      Plaintiff Providence Behavioral Health ("PBH") is a corporation which provides psychiatric treatment and services, both residential and otherwise, to children and adolescents with disabilities, both emotional and otherwise.  Plaintiff Texas Providence Investments ("TPI") owns property at 13722 Kluge Road, Cypress, Texas (the "Site") and is currently constructing a treatment facility (the "Facility") for use by PBH in furtherance of its business mission and has invested substantial resources into its planning and development.  Given the nature of PBH's prospective operations, TPI has taken measures to ensure that the Facility can access such necessary services as utilities.  To secure the necessary access to water and other utilities, Plaintiffs have requested that Defendant Grant Road Public Utilities District (the "PUD") annex the Site for the purpose of providing such services.  In September of 2014, after pressure from local real estate developers, among others, who expressly indicated unwillingness among local residents to allow such an entry of emotionally disabled children into their community, the Board of Directors of the PUD (the "Board") voted to decline Plaintiffs' annexation request.  In the face

1

of continued pressure, the Board reaffirmed this vote in November of 2014. Plaintiffs bring this lawsuit to seek an order from this Court enjoining the PUD and its Board from continuing to refuse annexation and service on the basis of a discriminatory desire to make it effectively impossible for the disabled individuals served by PBH to reside and receive treatment in the surrounding community.

## I.   JURISDICTION AND VENUE

2. The claims asserted in Plaintiffs' Original Complaint arise under the Americans with Disabilities Act, 42 U.S.C. § 12133, and the federal Fair Housing Act, 42 U.S.C. § 3604(f)(2)(A)-(B) and 42 U.S.C. § 3604(f)(3)(B). This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331. Plaintiffs also assert claims under the Texas Fair Housing Act, Tex. Prop. Code § 301.001, *et seq.* This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

3. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Southern District of Texas because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Southern District of Texas.

## II.   PARTIES

4. Plaintiff Providence Behavioral Health is a Texas corporation with its headquarters in Texas.

5. Plaintiff Texas Providence Investments is a Texas corporation with its headquarters in Texas.

6. Defendant Grant Road Public Utility District is a creature of the State of Texas, created pursuant to Section 59, Article XVI, of the Texas Constitution, and Section 8188.01, *et seq.*, of the Texas Special District Local Laws Code, to serve a public benefit. It may be served by

serving its Board through its counsel, John Wallace, Bacon & Wallace, L.L.P., 6363 Woodway, Suite 800, Houston, Texas 77057.

7.      Defendant Board of Directors of the Grant Road Public Utility District is the governing body of the Grant Road Public Utility District and may be served through its counsel, John Wallace, Bacon & Wallace, L.L.P., 6363 Woodway, Suite 800, Houston, Texas 77057.

### III.    FACTUAL ALLEGATIONS

8.      Plaintiff PBH is a corporation which provides psychiatric treatment and services, both residential and otherwise, to children and adolescents with disabilities, both emotional and otherwise, including Autism Spectrum Disorder.

9.      Plaintiff TPI owns property at 13722 Kluge Road, Cypress, Texas (the "Site") and is currently constructing the Facility for use by PBH in furtherance of its business mission and has invested substantial resources into its planning and development.

10.     Given the nature of PBH's prospective operations, TPI has taken measures to ensure that the Facility can access such necessary services as utilities.  After all, PBH cannot serve even its non-residential clientele without utility services, much less provide residential treatment.

11.     To secure the necessary access to water and other utilities, Plaintiffs requested in September of 2014 that Defendant Grant Road Public Utilities District (the "PUD") annex the Site for the purpose of providing such services.  After pressure from local real estate developers, among others, who expressly indicated unwillingness among local residents to allow such an entry of emotionally disabled children into their community, the Board of the PUD voted to decline Plaintiffs' annexation request.

12.     In November of 2014, in the face of continued pressure from those unwilling to countenance the idea of emotionally disabled children receiving services or residing in their

3

community, the Board of the PUD voted once more to decline Plaintiffs' annexation request. Without the utility services the PUD would make available through such annexation, TPI cannot move forward with its development of the Site and PBH cannot prepare to serve its clientele in the Facility. Use of a septic system would be an unsuitable alternative for the Facility, particularly given its intended purpose to serve disabled children, due to the increased tendency of such systems to break down, which would leave the disabled residents or clients of PBH without necessary services.

13. PBH's clientele require the services PBH would make available in the Facility. No facility in the greater Houston area currently provides residential and acute care psychiatric treatment of children and adolescents with professional staff who specialize in serving this population. PBH will be the first to do so when the Facility becomes operational. Furthermore, only one other acute care facility, approximately twenty miles away from the Site, offers accredited programming for Autism Spectrum Disorder and the full array of intellectual disability issues. Without the services PBH can and will provide, its clientele will not receive the treatment most appropriate to address their respective needs. Indeed, the lead psychiatrist for the Facility stands ready to move his clientele to the Facility as soon as it becomes operational so that they may receive this appropriate treatment.

14. Neither the PUD itself nor the members of the community it serves will suffer any injury from the annexation of the Site and certainly no injury of sufficient magnitude to outweigh the injury to Plaintiffs resulting from the PUD's effective refusal to allow them to construct the Facility on the Site and to treat PBH's clientele in the Facility, to say nothing of the injury to Plaintiffs' clientele of having no ability to receive the unique benefits of the treatments PBH

would provide at the Facility. Indeed, the presence of the Facility and those it serves in the community will serve the public interest.

## FIRST CAUSE OF ACTION
### (Americans with Disabilities Act: Title II)

15. Plaintiffs incorporate paragraphs 1 through 14 above for all purposes.

16. Plaintiff TPI is constructing a Facility which will serve individuals who are qualified individuals with disabilities for purposes of Title II of the ADA. Plaintiff PBH will use the Facility to serve individuals who are qualified individuals with disabilities for purposes of Title II of the ADA. The current clientele of the professionals who will provide services at the Facility include many such individuals.

17. Defendant PUD, a governmental entity, has refused to annex the Site on which Plaintiff TPI is building the Facility on the basis of Plaintiff PBH's intention to serve qualified individuals with disabilities at the Facility.

18. Defendant PUD's actions in this regard constitute impermissible discrimination against Plaintiffs by virtue of their association with qualified individuals with disabilities.

19. Plaintiffs are suffering irreparable injury from Defendant PUD's impermissible actions because they cannot provide the services most beneficial to their clientele in the absence of the Facility.

20. Plaintiffs have no adequate legal remedy to address the irreparable injury they are suffering from Defendant PUD's impermissible actions.

21. Neither Defendant nor the population it serves would suffer any injury, irreparable or otherwise, from the construction and operation of the Facility at the Site. Indeed, the presence of the Facility and those it serves in the community will serve the public interest.

## SECOND CAUSE OF ACTION
### (Federal Fair Housing Act)

22.     Plaintiffs incorporate paragraphs 1 through 21 above for all purposes.

23.     Plaintiff TPI is constructing a Facility which will provide residential services to individuals with disabilities or "handicaps" for purposes of 42 U.S.C. § 3602(h). Plaintiff PBH will use the Facility to provide residential services to individuals with disabilities or "handicaps" for purposes of 42 U.S.C. § 3602(h). The current clientele of the professionals who will provide services at the Facility include many such individuals.

24.     Defendant Board of the Grant Road PUD has refused to annex the Site on which Plaintiff TPI is building the Facility on the basis of Plaintiff PBH's intention to serve individuals with disabilities or "handicaps" for purposes of 42 U.S.C. § 3602(h).

25.     As a result of the conduct of Defendant Board of Directors of the Grant Road PUD, Plaintiffs are aggrieved persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries as a result of the actions of the Board.

26.     The discriminatory actions of Defendant Board of the Grant Road PUD were and are intentional, willful, and taken in wanton disregard of the rights of Plaintiffs and the disabled individuals they serve, thus violating the Federal Fair Housing Act, 42 U.S.C. § 3604(f)(2)(A)-(B) and 42 U.S.C. § 3604(f)(3)(B).

27.     Plaintiffs are suffering irreparable injury from the Board's impermissible actions because they cannot provide the services most beneficial to their clientele in the absence of the Facility.

28.     Plaintiffs have no adequate legal remedy to address the irreparable injury they are suffering from the Board's impermissible actions.

29.     Neither Defendants nor the population they serve would suffer any injury, irreparable or otherwise, from the construction and operation of the Facility at the Site.  Indeed, the presence of the Facility and those it serves in the community will serve the public interest.

### THIRD CAUSE OF ACTION
### (State Fair Housing Act)

30.     Plaintiffs incorporate paragraphs 1 through 29 above for all purposes.

31.     Plaintiff TPI is constructing a Facility which will provide residential services to individuals with disabilities for purposes of Tex. Prop. Code, § 301.003(6).  Plaintiff PBH will use the Facility to provide residential services to individuals with disabilities for purposes of Tex. Prop. Code, § 301.003(6).  The current clientele of the professionals who will provide services at the Facility include many such individuals.

32.     Defendant Board of the Grant Road PUD has refused to annex the Site on which Plaintiff TPI is building the Facility on the basis of Plaintiff PBH's intention to serve individuals with disabilities for purposes of Tex. Prop. Code, § 301.003(6).

33.     As a result of the conduct of Defendant Board of the Grant Road PUD, Plaintiffs are aggrieved persons as defined in Tex. Prop. Code § 301.003(1) and have suffered injuries as a result of the Board's actions.

34.     The discriminatory actions of Defendant Board of Directors of the Grant Road PUD were and are intentional, willful, and taken in wanton disregard of the rights of Plaintiffs and the disabled individuals they serve, thus violating the Texas Fair Housing Act, Tex. Prop. Code § 301.001, *et seq*.

35.     Plaintiffs are suffering irreparable injury from the Board's impermissible actions because they cannot provide the services most beneficial to their clientele in the absence of the Facility.

36.     Plaintiffs have no adequate legal remedy to address the irreparable injury they are suffering from the Board's impermissible actions.

37.     Neither Defendants nor the population they serve would suffer any injury, irreparable or otherwise, from the construction and operation of the Facility at the Site.  Indeed, the presence of the Facility and those it serves in the community will serve the public interest.

## PRAYER

WHEREFORE, Plaintiffs asks the Court to enter judgment that:

A.      After a temporary restraining order and/or preliminary injunction as appropriate, Defendants be permanently enjoined from continuing their discriminatory practice of refusing to annex the Site on the basis of the association of Plaintiffs with individuals with disabilities and on the basis of the prospect that individuals with disabilities will reside at and/or receive treatment at the Facility;

B.      Plaintiffs be awarded reasonable attorneys' fees;

C.      Plaintiffs be awarded such other relief as this Court may deem equitable and just.

DATED: March  20, 2015                      Respectfully submitted,

                                                              __/s/ Mark Whitburn_____
Mark Whitburn
Attorney-in-Charge
SD Tex Bar No. 619945
Texas Bar No. 24042144
Sean Pevsner
SD Tex Bar No. 2050914
Texas Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 672-5453
Fax: (817) 672-5326
mwhitburn@whitburnpevsner.com

Attorneys for Plaintiffs